IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01130-PAB

In re: CENTRIX FINANCIAL, LLC, et al.

ROBERT E. SUTTON,
6762 S. POTOMAC, LLC, and
CENTRIX CONSOLIDATED, LLC,

    Appellants,

v.

JEFFREY A. WEINMAN, as Trustee to the Centrix Liquidating Trust,

    Appellee.
_____

**ORDER**
_____

    This matter is before the Court on the appellants' Motion to Strike Appellees' Motion to Dismiss Appeal Filed February 13, 2009 [Docket No. 48].  In their motion to strike, appellants Robert E. Sutton, 6762 S. Potomac, LLC, and Centrix Consolidated, LLC, argue that the motion to dismiss filed by appellee Jeffrey A. Weinman ("Trustee") on February 13, 2009 [Docket No. 46] should be stricken for noncompliance with a prior order of this Court.  Upon review of the relevant pleadings and the case file, I conclude that the Trustee's motion to dismiss is properly before the Court and, therefore, deny the motion to strike.

    On November 7, 2008, after obtaining two extensions of time to file an answer brief in this action, the Trustee filed a motion to dismiss the appeal on the grounds of equitable mootness.  On January 16, 2009, Judge John L. Kane, to whom this

bankruptcy appeal was assigned for pre-briefing proceedings, denied the Trustee's motion to dismiss without prejudice [Docket No. 38]. In his Order, Judge Kane stated that the grounds relied on in the Trustee's motion to dismiss "are so fact intensive and so disputed at this point in the proceedings that assessing them accurately might require a hearing." January 16, 2009 Order at 1. Thus, Judge Kane denied the motion to dismiss "without prejudice to the stated grounds for dismissal being reasserted after briefing on the merits is complete." *Id.* at 2.

The Trustee filed a second motion to dismiss on February 13, 2009, the day the merits briefing was complete. Appellants moved to strike this second motion to dismiss on March 2, 2009 and have filed no response to the motion. Appellants complain that the Trustee raises "new and different arguments and points" in his second motion to dismiss, in contravention of Judge Kane's January 16, 2009 Order. Mot. to Strike at 3. Appellants further attribute improper motives to the Trustee in awaiting completion of the merits briefing to gain an "unfair advantage" with respect to the motion to dismiss and to delay this litigation. *Id.*

Appellants' arguments in favor of striking the motion to dismiss are without merit. Nothing in Judge Kane's January 16, 2009 Order required the Trustee to file the same motion he filed on November 7, 2008 or to refrain from updating the factual posture of the motion to dismiss. No new arguments are raised in the pending motion to dismiss. Rather, the doctrine of equitable mootness and its alleged application to this case form the basis of both the original and the pending motions to dismiss. The Trustee's inclusion of up-to-date facts in his second motion is commendable, rather than subject to sanction, as it provides the Court with the most accurate information on which to

decide the issues raised in the motion to dismiss.

Wherefore, it is

**ORDERED** that the appellants' motion to strike [Docket No. 48] is DENIED.  It is further

**ORDERED** that the appellants shall respond to the appellee's motion to dismiss [Docket No. 46] on or before **Friday, April 24, 2009**.  Appellee may file any reply within five business days of the date on which appellants file such response brief.  It is further

**ORDERED** that the parties to this action shall jointly contact Chambers (303-335-2794) on or before **Friday, May 1, 2009** to schedule a hearing on appellee's motion to dismiss [Docket No. 46].

DATED April 16, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge